# APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No: 25-3134; 25-3194

Short Caption: Tracy Schutte, et al. v. SuperValu, Inc., et al.

To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

[✓] **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1) The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):
SuperValu, Inc., SuperValu Holdings, Inc., FF Acquisition, LLC, Foodarama, LLC, Shoppers Food Warehouse Corp.,
SuperValu Pharms., Inc., Albertsons, Inc., Jewel Osco Sw., LLC, New Albertson, Inc., Am. Drug Stores, LLC,
Acme Markets, Inc., Shaw's Supermarkets, Inc., Star Markets Cos., Inc., Jewel Food Stores, Inc., AB Acquisition LLC

(2) The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:
Williams & Connolly LLP, Kirkland & Ellis LLP, Robins Kaplan LLP, Hinshaw & Culbertson, Reed Smith LLP,
Norton Rose Fulbright US LLP, Hepler Broom LLC

(3) If the party, amicus or intervenor is a corporation:

   i) Identify all its parent corporations, if any; and
   See Attachment

   ii) list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:
   See Attachment

(4) Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:
N/A

(5) Provide Debtor information required by FRAP 26.1 (c) 1 & 2:
N/A

Attorney's Signature: /s/ Enu Mainigi  Date: 12/11/2025

Attorney's Printed Name: Enu Mainigi

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).  Yes [✓]  No [ ]

Address: 680 Maine Ave SW
Washington, DC 20024

Phone Number: 202-434-5000  Fax Number: N/A

E-Mail Address: emainigi@wc.com

rev. 12/19 AK

**(3) If the party, amicus or intervenor is a corporation:**

**(i)   Identify all its parent corporations, if any; and**

- SuperValu Inc. is a wholly owned subsidiary of United Natural Foods, Inc. ("UNFI"), which is a publicly traded Delaware corporation. UNFI has no parent corporation; it is the parent company of:[1]

    - FF Acquisition, LLC
    - Foodarama, LLC
    - Shoppers Food Warehouse Corp.
    - SuperValu Pharmacies, Inc.

- Albertsons Companies, Inc., a Delaware corporation ("ACI"), is the parent company of the following defendant entities, all of which are wholly owned by ACI (directly or through intermediary subsidiaries):

    - Albertson's LLC
    - New Albertsons, Inc., n/k/a New Albertsons LP
    - AB Acquisition LLC
    - American Drug Stores LLC
    - Acme Markets, Inc.
    - Jewel Food Stores, Inc.
    - Jewel Osco Southwest LLC
    - Shaw's Supermarkets, Inc.
    - Star Markets Company, Inc.

---

[1] SuperValu Holdings, Inc., a party to this litigation, no longer exists; it has now been merged into UNFI Distribution Co., LLC.

**(ii)   List any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:**

- Blackrock, Inc., owns more than 10% of UNFI's stock.

- ACI is a publicly traded corporation on the New York Stock Exchange under the symbol "ACI". No publicly held company owns 10% or more of ACI's stock, nor does ACI have any parent corporation.

# APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No: 25-3134; 25-3194

Short Caption: Tracy Schutte, et al. v. SuperValu, Inc., et al.

To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

[✓] **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1) The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):
SuperValu, Inc., SuperValu Holdings, Inc., FF Acquisition, LLC, Foodarama, LLC, Shoppers Food Warehouse Corp.,

SuperValu Pharms., Inc., Albertsons, Inc., Jewel Osco Sw., LLC, New Albertson, Inc., Am. Drug Stores, LLC,

Acme Markets, Inc., Shaw's Supermarkets, Inc., Star Markets Cos., Inc., Jewel Food Stores, Inc., AB Acquisition LLC

(2) The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:
Williams & Connolly LLP, Kirkland & Ellis LLP, Robins Kaplan LLP, Hinshaw & Culbertson, Reed Smith LLP,

Norton Rose Fulbright US LLP, Hepler Broom LLC

(3) If the party, amicus or intervenor is a corporation:

  i) Identify all its parent corporations, if any; and
  See Attachment

  ii) list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:
  See Attachment

(4) Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:
N/A

(5) Provide Debtor information required by FRAP 26.1 (c) 1 & 2:
N/A

---

Attorney's Signature: /s/ Craig Singer      Date: 12/11/2025

Attorney's Printed Name: Craig Singer

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).   Yes [ ]   No [✓]

Address: 680 Maine Ave SW

Washington, DC 20024

Phone Number: 202-434-5000      Fax Number: N/A

E-Mail Address: csinger@wc.com

rev. 12/19 AK

**(3) If the party, amicus or intervenor is a corporation:**

**(i)    Identify all its parent corporations, if any; and**

- SuperValu Inc. is a wholly owned subsidiary of United Natural Foods, Inc. ("UNFI"), which is a publicly traded Delaware corporation. UNFI has no parent corporation; it is the parent company of:[1]

    - FF Acquisition, LLC
    - Foodarama, LLC
    - Shoppers Food Warehouse Corp.
    - SuperValu Pharmacies, Inc.

- Albertsons Companies, Inc., a Delaware corporation ("ACI"), is the parent company of the following defendant entities, all of which are wholly owned by ACI (directly or through intermediary subsidiaries):

    - Albertson's LLC
    - New Albertsons, Inc., n/k/a New Albertsons LP
    - AB Acquisition LLC
    - American Drug Stores LLC
    - Acme Markets, Inc.
    - Jewel Food Stores, Inc.
    - Jewel Osco Southwest LLC
    - Shaw's Supermarkets, Inc.
    - Star Markets Company, Inc.

---

[1] SuperValu Holdings, Inc., a party to this litigation, no longer exists; it has now been merged into UNFI Distribution Co., LLC.

**(ii)　List any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:**

- Blackrock, Inc., owns more than 10% of UNFI's stock.

- ACI is a publicly traded corporation on the New York Stock Exchange under the symbol "ACI". No publicly held company owns 10% or more of ACI's stock, nor does ACI have any parent corporation.

# APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No: 25-3134; 25-3194

Short Caption: Tracy Schutte, et al. v. SuperValu, Inc., et al.

  To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

  The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

[✓] **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1) The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):
SuperValu, Inc., SuperValu Holdings, Inc., FF Acquisition, LLC, Foodarama, LLC, Shoppers Food Warehouse Corp.,

SuperValu Pharms., Inc., Albertsons, Inc., Jewel Osco Sw., LLC, New Albertson, Inc., Am. Drug Stores, LLC,

Acme Markets, Inc., Shaw's Supermarkets, Inc., Star Markets Cos., Inc., Jewel Food Stores, Inc., AB Acquisition LLC

(2) The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:
Williams & Connolly LLP, Kirkland & Ellis LLP, Robins Kaplan LLP, Hinshaw & Culbertson, Reed Smith LLP,

Norton Rose Fulbright US LLP, Hepler Broom LLC

(3) If the party, amicus or intervenor is a corporation:

  i) Identify all its parent corporations, if any; and

    See Attachment

  ii) list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

    See Attachment

(4) Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

  N/A

(5) Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

  N/A

---

Attorney's Signature: /s/ Jennifer Wicht    Date: 12/11/2025

Attorney's Printed Name: Jennifer Wicht

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).   Yes [ ]   No [✓]

Address: 680 Maine Ave SW

   Washington, DC 20024

Phone Number: 202-434-5000    Fax Number: N/A

E-Mail Address: jwicht@wc.com

rev. 12/19 AK

**(3) If the party, amicus or intervenor is a corporation:**

**(i) Identify all its parent corporations, if any; and**

- SuperValu Inc. is a wholly owned subsidiary of United Natural Foods, Inc. ("UNFI"), which is a publicly traded Delaware corporation. UNFI has no parent corporation; it is the parent company of:[1]

    - FF Acquisition, LLC
    - Foodarama, LLC
    - Shoppers Food Warehouse Corp.
    - SuperValu Pharmacies, Inc.

- Albertsons Companies, Inc., a Delaware corporation ("ACI"), is the parent company of the following defendant entities, all of which are wholly owned by ACI (directly or through intermediary subsidiaries):

    - Albertson's LLC
    - New Albertsons, Inc., n/k/a New Albertsons LP
    - AB Acquisition LLC
    - American Drug Stores LLC
    - Acme Markets, Inc.
    - Jewel Food Stores, Inc.
    - Jewel Osco Southwest LLC
    - Shaw's Supermarkets, Inc.
    - Star Markets Company, Inc.

---

[1] SuperValu Holdings, Inc., a party to this litigation, no longer exists; it has now been merged into UNFI Distribution Co., LLC.

**(ii)  List any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:**

- Blackrock, Inc., owns more than 10% of UNFI's stock.

- ACI is a publicly traded corporation on the New York Stock Exchange under the symbol "ACI". No publicly held company owns 10% or more of ACI's stock, nor does ACI have any parent corporation.

# APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No: 25-3134; 25-3194

Short Caption: Tracy Schutte, et al. v. SuperValu, Inc., et al.

   To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

   The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

[✓] **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)  The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):
SuperValu, Inc., SuperValu Holdings, Inc., FF Acquisition, LLC, Foodarama, LLC, Shoppers Food Warehouse Corp.,
SuperValu Pharms., Inc., Albertsons, Inc., Jewel Osco Sw., LLC, New Albertson, Inc., Am. Drug Stores, LLC,
Acme Markets, Inc., Shaw's Supermarkets, Inc., Star Markets Cos., Inc., Jewel Food Stores, Inc., AB Acquisition LLC

(2)  The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:
Williams & Connolly LLP, Kirkland & Ellis LLP, Robins Kaplan LLP, Hinshaw & Culbertson, Reed Smith LLP,
Norton Rose Fulbright US LLP, Hepler Broom LLC

(3)  If the party, amicus or intervenor is a corporation:

   i)  Identify all its parent corporations, if any; and
      See Attachment

   ii)  list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:
      See Attachment

(4)  Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:
N/A

(5)  Provide Debtor information required by FRAP 26.1 (c) 1 & 2:
N/A

---

Attorney's Signature: /s/ A. Josh Podoll    Date: 12/11/2025

Attorney's Printed Name: A. Josh Podoll

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).    Yes [ ]    No [✓]

Address: 680 Maine Ave SW
Washington, DC 20024

Phone Number: 202-434-5000    Fax Number: N/A

E-Mail Address: apodoll@wc.com

rev. 12/19 AK

**(3) If the party, amicus or intervenor is a corporation:**

**(i)    Identify all its parent corporations, if any; and**

- SuperValu Inc. is a wholly owned subsidiary of United Natural Foods, Inc. ("UNFI"), which is a publicly traded Delaware corporation. UNFI has no parent corporation; it is the parent company of:[1]
    - FF Acquisition, LLC
    - Foodarama, LLC
    - Shoppers Food Warehouse Corp.
    - SuperValu Pharmacies, Inc.
- Albertsons Companies, Inc., a Delaware corporation ("ACI"), is the parent company of the following defendant entities, all of which are wholly owned by ACI (directly or through intermediary subsidiaries):
    - Albertson's LLC
    - New Albertsons, Inc., n/k/a New Albertsons LP
    - AB Acquisition LLC
    - American Drug Stores LLC
    - Acme Markets, Inc.
    - Jewel Food Stores, Inc.
    - Jewel Osco Southwest LLC
    - Shaw's Supermarkets, Inc.
    - Star Markets Company, Inc.

---

[1] SuperValu Holdings, Inc., a party to this litigation, no longer exists; it has now been merged into UNFI Distribution Co., LLC.

**(ii) List any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:**

- Blackrock, Inc., owns more than 10% of UNFI's stock.

- ACI is a publicly traded corporation on the New York Stock Exchange under the symbol "ACI". No publicly held company owns 10% or more of ACI's stock, nor does ACI have any parent corporation.

# APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No: 25-3134; 25-3194

Short Caption: Tracy Schutte, et al. v. SuperValu, Inc., et al.

   To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

   The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

[✓] **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)  The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):
SuperValu, Inc., SuperValu Holdings, Inc., FF Acquisition, LLC, Foodarama, LLC, Shoppers Food Warehouse Corp.,

SuperValu Pharms., Inc., Albertsons, Inc., Jewel Osco Sw., LLC, New Albertson, Inc., Am. Drug Stores, LLC,

Acme Markets, Inc., Shaw's Supermarkets, Inc., Star Markets Cos., Inc., Jewel Food Stores, Inc., AB Acquisition LLC

(2)  The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:
Williams & Connolly LLP, Kirkland & Ellis LLP, Robins Kaplan LLP, Hinshaw & Culbertson, Reed Smith LLP,

Norton Rose Fulbright US LLP, Hepler Broom LLC

(3)  If the party, amicus or intervenor is a corporation:

   i)  Identify all its parent corporations, if any; and

      See Attachment

   ii) list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

      See Attachment

(4)  Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

   N/A

(5)  Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

   N/A

---

Attorney's Signature: /s/ Annie Showalter    Date: 12/11/2025

Attorney's Printed Name: Annie Showalter

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).  Yes [ ]   No [✓]

Address: 680 Maine Ave SW

Washington, DC 20024

Phone Number: 202-434-5000    Fax Number: N/A

E-Mail Address: ashowalter@wc.com

rev. 12/19 AK

**(3) If the party, amicus or intervenor is a corporation:**

**(i)   Identify all its parent corporations, if any; and**

- SuperValu Inc. is a wholly owned subsidiary of United Natural Foods, Inc. ("UNFI"), which is a publicly traded Delaware corporation. UNFI has no parent corporation; it is the parent company of:[1]
    - FF Acquisition, LLC
    - Foodarama, LLC
    - Shoppers Food Warehouse Corp.
    - SuperValu Pharmacies, Inc.
- Albertsons Companies, Inc., a Delaware corporation ("ACI"), is the parent company of the following defendant entities, all of which are wholly owned by ACI (directly or through intermediary subsidiaries):
    - Albertson's LLC
    - New Albertsons, Inc., n/k/a New Albertsons LP
    - AB Acquisition LLC
    - American Drug Stores LLC
    - Acme Markets, Inc.
    - Jewel Food Stores, Inc.
    - Jewel Osco Southwest LLC
    - Shaw's Supermarkets, Inc.
    - Star Markets Company, Inc.

---

[1] SuperValu Holdings, Inc., a party to this litigation, no longer exists; it has now been merged into UNFI Distribution Co., LLC.

**(ii)	List any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:**

- Blackrock, Inc., owns more than 10% of UNFI's stock.

- ACI is a publicly traded corporation on the New York Stock Exchange under the symbol "ACI". No publicly held company owns 10% or more of ACI's stock, nor does ACI have any parent corporation.

# APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No: 25-3134; 25-3194

Short Caption: Tracy Schutte, et al. v. SuperValu, Inc., et al.

   To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

   The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

[✓] **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1) The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):
SuperValu, Inc., SuperValu Holdings, Inc., FF Acquisition, LLC, Foodarama, LLC, Shoppers Food Warehouse Corp.,

SuperValu Pharms., Inc., Albertsons, Inc., Jewel Osco Sw., LLC, New Albertson, Inc., Am. Drug Stores, LLC,

Acme Markets, Inc., Shaw's Supermarkets, Inc., Star Markets Cos., Inc., Jewel Food Stores, Inc., AB Acquisition LLC

(2) The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:
Williams & Connolly LLP, Kirkland & Ellis LLP, Robins Kaplan LLP, Hinshaw & Culbertson, Reed Smith LLP,

Norton Rose Fulbright US LLP, Hepler Broom LLC

(3) If the party, amicus or intervenor is a corporation:

   i) Identify all its parent corporations, if any; and

   See Attachment

   ii) list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

   See Attachment

(4) Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

N/A

(5) Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

N/A

---

Attorney's Signature: /s/ Kimberly Broecker     Date: 12/11/2025

Attorney's Printed Name: Kimberly Broecker

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).   Yes [ ]   No [✓]

Address: 680 Maine Ave SW

Washington, DC 20024

Phone Number: 202-434-5000     Fax Number: N/A

E-Mail Address: kbroecker@wc.com

rev. 12/19 AK

**(3) If the party, amicus or intervenor is a corporation:**

**(i)    Identify all its parent corporations, if any; and**

- SuperValu Inc. is a wholly owned subsidiary of United Natural Foods, Inc. ("UNFI"), which is a publicly traded Delaware corporation. UNFI has no parent corporation; it is the parent company of:[1]

    o   FF Acquisition, LLC

    o   Foodarama, LLC

    o   Shoppers Food Warehouse Corp.

    o   SuperValu Pharmacies, Inc.

- Albertsons Companies, Inc., a Delaware corporation ("ACI"), is the parent company of the following defendant entities, all of which are wholly owned by ACI (directly or through intermediary subsidiaries):

    o   Albertson's LLC

    o   New Albertsons, Inc., n/k/a New Albertsons LP

    o   AB Acquisition LLC

    o   American Drug Stores LLC

    o   Acme Markets, Inc.

    o   Jewel Food Stores, Inc.

    o   Jewel Osco Southwest LLC

    o   Shaw's Supermarkets, Inc.

    o   Star Markets Company, Inc.

---

[1] SuperValu Holdings, Inc., a party to this litigation, no longer exists; it has now been merged into UNFI Distribution Co., LLC.

**(ii)  List any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:**

- Blackrock, Inc., owns more than 10% of UNFI's stock.

- ACI is a publicly traded corporation on the New York Stock Exchange under the symbol "ACI". No publicly held company owns 10% or more of ACI's stock, nor does ACI have any parent corporation.